UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
MARLON NEWELL,

          **MEMORANDUM AND ORDER**

      **Plaintiff,**

          08-cv-1369 (NG) (LB)

- against -

NEW YORK CITY DEPARTMENT OF
TRANSPORTATION,

      **Defendant.**

------------------------------------------------------x
**GERSHON, United States District Judge:**

*Pro se* plaintiff Marlon Newell brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, alleging that defendant New York City Department of Transportation ("NYC-DOT") discriminated and retaliated against him by wrongfully terminating his employment and not rehiring him based on his race and age. Defendant now moves to dismiss Mr. Newell's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's motion to dismiss plaintiff's Title VII claims is denied, and its motion to dismiss plaintiff's ADEA claim is granted.

## BACKGROUND

The following facts alleged in the complaint and documents incorporated by reference are taken as true for the purposes of this motion. Mr. Newell, who identifies himself as black, worked for the defendant as a seasonal employee, repairing highways. Mr. Newell alleges that although he performed satisfactorily at work, was never disrespectful, and had never before been "written up," his supervisor gave him an "unsatisfactory" performance rating. On November 26, 2006, he submitted a handwritten letter to the defendant, alleging that the evaluation was unfair

and discriminatory. Mr. Newell was subsequently terminated from his employment and he was not rehired for the next paving season.[1]

On January 25, 2007, Mr. Newell filed charges with the New York State Division of Human Rights ("NYSDHR"), and on February 1, 2007 he filed charges with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue letter dated December 18, 2007. On March 31, 2008, plaintiff filed the complaint in the instant action, alleging race discrimination and unlawful retaliation under Title VII and age discrimination under the ADEA. On his form complaint, provided by the Clerk of this court, Mr. Newell indicated that he received a copy of the right-to-sue letter on March 29, 2008. Similarly, in a letter addressed to Magistrate Judge Bloom accompanying the complaint, Mr. Newell wrote that he never received the December 18, 2007 right-to-sue letter and only received a copy of the letter on March 28 or March 29, 2008, after he contacted the EEOC.

Defendant now moves to dismiss plaintiff's complaint on the grounds that his claims are untimely. In the alternative, defendant argues that plaintiff has failed to meet the pleading requirements of Rule 8 in his race discrimination and retaliation claims and that plaintiff is not a member of the age group protected by the ADEA.

## DISCUSSION

When considering a motion to dismiss, the court must "constr[ue] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

---

[1] There appears to be a factual issue as to whether Mr. Newell was actually terminated before his seasonal employment was completed. The defendant also disputes that it did not rehire Mr. Newell for discriminatory reasons. But at the motion to dismiss stage, as described below, the court must resolve these disputes in favor of the plaintiff.

2

allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (internal quotation marks, citations, and alterations omitted). However, *Twombly* does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Furthermore, a document filed *pro se* must still be "liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. Keycorp*, 521 F.3d 202, 214 (2d Cir. 2008) (internal quotation marks omitted) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

I. Whether Mr. Newell's Title VII Claims Are Timely

A plaintiff must file a Title VII action within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *see also Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149 (1984). Mr. Newell's right-to-sue letter from the EEOC was dated December 18, 2007. Mr. Newell, however, alleges that he did not receive the initial letter, but only received a copy of it on March 28 or March 29, 2008.

The Second Circuit has held that there is a rebuttable presumption that a mailed document was received three days after its mailing. *Sherlock v. Montefiore Medical Ctr.*, 84 F.3d 522, 525-26 (2d Cir. 1996). A plaintiff can rebut the presumption of receipt of the right-to-sue letter on the third day by presenting sworn testimony or other admissible evidence from which it could be reasonably inferred that the notice was mailed later than its typewritten date or that it took longer than three days to reach the complainant by mail. *Id.* at 526; *see also Smith v. Local Union 28 Sheet Metal Workers*, 877 F.Supp. 165, 172 (S.D.N.Y. 1995) (determining date of receipt on the basis of testimonial evidence), *aff'd mem.*, 100 F.3d 943, 1996 WL 53650 (2d Cir. 1996).

3

Courts in this circuit have held that the principle in Rule 12(b)(6) motions that a pleading's factual allegations must be taken as true applies to allegations that a plaintiff did not receive his EEOC letter within three days after the EEOC mailed it. *See, e.g., Harrison v. New York City Admin. For Children's Services*, 2003 WL 22271219 at * 3 (S.D.N.Y. 2003) (concluding that when a "complaint alleges a late date of receipt, or non-receipt, for purposes of a 12(b)(6) motion, a court must accept the allegations as true, and deny defendant's motion to dismiss for timeliness.") (*quoting Ruiz v. New York City Fire Department*, 2001 WL 767009 at * 2 (S.D.N.Y. 2001)); *accord Spruill v. NYC Health & Hosp.*, 2007 WL 2456960 at * 4-5 (S.D.N.Y. 2007); *Salerno v. City Univ. of New York No. 99 Civ. 11151 (NRB)*, 2002 WL 31856953 at * 4 (S.D.N.Y. 2002). Taking plaintiff's allegations as true, as this court must for the purposes of this motion, Mr. Newell's complaint is not time-barred because his alleged date of receipt is well within the 90-day requirement for filing a claim in district court.

II.     Whether Mr. Newell Has Met the Pleading Requirements of his Title VII Claims

As an alternative ground for dismissal, defendant argues that Mr. Newell's complaint should be dismissed because he has not stated a claim upon which relief can be granted.

A.      Mr. Newell's Title VII Discrimination Claim

Title VII prohibits employers from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). As the Supreme Court has explained, a plaintiff asserting an employment discrimination claim need not plead facts establishing each element of a prima facie case in order to survive a motion to dismiss, but rather must merely allege facts sufficient to satisfy the notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-14 (2002) (holding that a plaintiff's complaint "easily satisfie[d] the requirements of Rule 8(a)" because it

alleged that he had been terminated on the basis of national origin and age, and detailed the events leading up to his termination, thus "giv[ing] respondent fair notice of what petitioner's claims are and the grounds upon which they rest.").[2] Additionally, the Second Circuit has held that "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases. The merits of a claim . . . which on its face presents a plausible allegation . . . should be tested on summary judgment." *Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008).

Under the liberal pleading standard of Rule 8, Mr. Newell's complaint is sufficient to support a claim of racial discrimination. In his short, *pro se* complaint, on a form provided by the Clerk of this court, Mr. Newell identifies himself as black, and alleges that a supervisor discriminatorily completed his performance evaluation, even though he had regularly attended work, and had never been written up or been disrespectful to his supervisors or co-workers. Mr. Newell also alleges that he was not called back for employment. Construing his *pro se* submissions broadly, Mr. Newell's complaint gives defendant fair notice of the basis for his Title VII discrimination claim, and the claim is plausible on its face. Accordingly, it survives a motion to dismiss.

B.  Mr. Newell's Title VII Retaliation Claim

Ultimately, to succeed on a Title VII retaliation claim, a plaintiff will be required to show: (1) he was engaged in a protected activity; (2) the employer was aware of the activity; (3) the employee suffered an adverse employment action; and (4) there was a causal connection

---

[2] *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007), specifically left *Swierkiewicz* untouched. In *Twombly*, the Court wrote that *Swierkiewicz* "did not change the law of pleading, but simply re-emphasized . . . that the Second Circuit's use of a heightened pleading standard for Title VII cases was contrary to the Federal Rules' structure of liberal pleading requirements." *Id. Twombly*, in contrast, did not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* Plaintiff's complaint, as described in the text, plausibly raises Title VII claims.

5

between the protected activity and the adverse employment action. *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996).

Defendant argues that Mr. Newell's retaliation claim should be dismissed because the alleged adverse employment actions occurred prior to plaintiff's complaint letter and therefore cannot support a Title VII retaliation claim.[3] Def. Br. 11. Defendant is correct that retaliatory animus cannot be inferred where the alleged adverse employment action took place before the protected activity. *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001). However, it is a question of fact whether Mr. Newell's termination and the defendant's decision not to rehire him, did, in fact, take place before he submitted his November 27, 2006 letter to NYC-DOT or his January 25, 2007 complaint to NYSDHR. Defendant assumes that plaintiff was aware of the fact that he would not be rehired at the time he received his unsatisfactory evaluation. But this is not clear from the complaint. Mr. Newell's letter to NYC-DOT indicates that, when asking about the effect an unsatisfactory performance evaluation would have on his being rehired, plaintiff was simply told by his direct supervisor, Paulie Burn, "[D]on't worry about it." It was not until at least February 1, 2007, when plaintiff filed a complaint with the EEOC, that the record indicates that Mr. Newell knew that he was not going to be called back to work for NYC-DOT. Construing the complaint in favor of the plaintiff, the alleged adverse employment actions occurred after he wrote the letter to his employer and after he submitted his complaint to NYSDHR. Therefore, defendant's motion to dismiss plaintiff's retaliation claim is denied.

---

[3] Defendant argues that the November 26, 2007 letter was not a "protected activity" because plaintiff "fails to state with any specificity how his race may have played a factor in his performance rating." Def. Br. at 11. A protected activity is any "action taken to protest or oppose statutorily prohibited discrimination." *Cruz v. Coach Stores*, 202 F.3d 560, 566 (2d Cir. 2000). Plaintiff's statement in the letter that he was "discriminated" against is sufficient to meet this standard.

6

III. <u>Whether Mr. Newell Is Able to Invoke the Protections of the ADEA</u>

The ADEA states that "the prohibitions in this Act shall be limited to individuals who are at least 40 years of age." 29 U.S.C. § 631(a). Mr. Newell was born on February 26, 1981 and is currently 29 years old. According to the complaint, plaintiff was 25 years old during the alleged discriminatory acts perpetrated by the NYC-DOT. Therefore Mr. Newell was not within the protected age group under the ADEA and is unable to invoke the protections of the ADEA. Accordingly, defendant's motion to dismiss plaintiff's age discrimination claim is granted. *See Philippeaux v. North Cent. Bronx Hosp.*, 871 F.Supp. 640, 647 (S.D.N.Y. 1994) (dismissing with prejudice an ADEA age discrimination claim by a plaintiff aged 39 at the time of alleged discriminatory actions by employer).

## CONCLUSION

For the reasons outlined above, defendant's motion to dismiss the Title VII discrimination and retaliation claims is DENIED, and defendant's motion to dismiss the ADEA claim is GRANTED.

**SO ORDERED.**

s/Hon. Nina Gershon
_____
Nina Gershon, U.S.D.J.

Dated: May 7, 2010
Brooklyn, NY

7